IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AUSTIN,<br><br>            Petitioner,<br><br>   vs.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>            Respondent. | No. CV-F-05-027 REC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING ACTION, AND DIRECTING ENTRY OF JUDGMENT FOR RESPONDENT |

    Respondent moves to dismiss this action for lack of subject matter jurisdiction. For the reasons set forth below, the court grants respondent's motion and dismisses this action.

    Michael Wayne Austin, proceeding <u>in pro per</u>, filed a Petition with this court on January 6, 2005. The Petition moves to "void/cancel, an illegal assessment pursuant to I.R.C. § 6672, a Trust Fund Recovery Penalty and refund all monies respondent has previously collected." The Petition alleges that the "IRS has failed to comply with the Fair Debt Collection Practice Act

1

which requires the IRS treatment of Tax Debtors to be at least equal to that of private section debtors pursuant to IRC 6304" and seeks an "award of damages sustained by this petitioner pursuant to IRC 7433."  The Petition further alleges in pertinent part:

> This Petition comes to this Court pursuant to a dismissal of a United States Tax Court case docket # 19918-03S on or about December 01, 2004.  Recently, upon following up the status of the case, this petitioner discovered the dismissal, but, has not been served, as of today, with any U.S. Tax Court order.

A. <u>Failure to Timely File Petition</u>.

An "<u>Order of Dismissal for Lack of Jurisdiction</u>" was filed by the United States Tax Court in <u>Michael Wayne Austin v. Commissioner of Internal Revenue</u>, Docket No. 19918-038 on December 1, 2004, which Order states:

> On August 31, 2004, respondent filed a motion to dismiss for lack of jurisdiction.  Petitioner filed an opposition to motion to dismiss for lack of jurisdiction on September 16, 2004.  On September 29, 2004, respondent filed a reply to petitioner's opposition to motion to dismiss for lack of jurisdiction.  Respondent's motion was calendared for hearing at the Court's trial session in Fresno, California.  The hearing was held on September 29, 2004.  This case is an appeal by petitioner for abatement of an assessment against him by the Internal Revenue Service and respondent's determination to proceed with collection under section 6330 of the Internal Revenue Code.  The record shows that the assessment at issue is for trust fund taxes under section 6672, in which respondent determined that petitioner was a responsible person required to collect, account for, and pay over to the Internal Revenue Service income tax and payroll tax withholdings of employees of a corporation, Austin Oil Co.

2

> Petitioner was determined to be a responsible officer of the corporation and was assessed for the unpaid tax liabilities. Pursuant to a notice of determination concerning collection actions under section 6320 and/or 6330, in which respondent declined to abate the assessment, petitioner filed a petition with this Court. The tax at issue in this case is the penalty under section 6672. Under section 6672(c)(2), the Federal District Court or the Court of Claims has jurisdiction to determine a taxpayer's liability for the tax or penalty under that section. The Tax Court has no jurisdiction over taxes due under section 6672. In <u>Moore v. Commissioner</u>, 114 T.C. 171 (2000), the Court held that the opportunity for judicial review of collection matters under section 6330 is limited to those types of taxes over which this Court has deficiency jurisdiction. As noted, this Court has no jurisdiction to determine a taxpayer's liability for trust fund tax or penalty under section 6672. It follows, therefore, that this Court has no jurisdiction over petitioner's appeal in this case. However, petitioner is entitled, under section 6330(d)(1), to file an appeal with the U.S. District Court within 30 days from the date of this Order. On these premises, therefore, it is
>
> ORDERED that respondent's motion to dismiss this case for lack of jurisdiction, filed on August 31, 2004, is granted.

As the Tax Court noted, "[i]f a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court."

Here, petitioner did not file his petition with this court 30 days after the Tax Court's determination that it lacked jurisdiction over the appeal. 26 U.S.C. § 6330(d)(1) provides in pertinent part:

> If a court determines that the appeal was to an incorrect court, a person shall have 30

3

            days after the court determination to file
            such appeal with the correct court.

"The United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." <u>Hercules, Inc. v. United States</u>, 516 U.S. 417 (1996). When the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction. <u>Hedgepeth v. State of Tennessee</u>, 215 F.3d 608, 611 (6th Cir. 2000).

The United States contends that this court lacks subject matter jurisdiction over petitioner's appeal because it was not filed with this court until 36 days after the Tax Court's determination that the Tax Court lacked jurisdiction.

In his opposition, petitioner contends that he was not served with the Tax Court's determination until he received a copy of it in the mail on January 11, 2005. He attaches to his opposition a photocopy of the face page of an envelope addressed to petitioner from the Tax Court bearing a postage meter stamp dated January 4, 2005. Petitioner has also filed a declaration in which he avers in pertinent part:

> I declare that the document attached hereto ... is a true and correct copy of the United States Tax Court's Order of Dismissal along with the envelope that bears the US postmark regarding Austin v. Commissioner, Docket No. 19918-03S.

The court takes judicial notice of the docket of

4

petitioner's action in the United States Tax Court.[1]  According to that docket, the Order of Dismissal was entered on December 1, 2004 and was served on December 1, 2004.  The court accepts the docket entry as accurate because because petitioner filed the Petition with this court <u>before</u> he avers in his declaration that he was served by mail with the Order of Dismissal.

Furthermore, as the United States notes, Section 6330(d)(1) provides that "a person shall have 30 days after the court determination" to file in the correct court.  Nothing in Section 6330(d)(1) mentions service of the court's determination. Because the court is addressing an issue of sovereign immunity, the wording of the statute and the absence of any applicable case law persuades the court that it must dismiss this petition for lack of subject matter jurisdiction.[2]

    B.  <u>Failure to Effect Service of Process</u>.

The United States further moves to dismiss this action for lack of personal jurisdiction on the ground that petitioner has

---

[1] The docket of petitioner's action in the U.S. Tax Court is available at www.ustaxcourt.gov/.

[2] In his opposition, petitioner moves the court to strike the Order of Dismissal pursuant to Local Tax Court Rule 5-135 because the "Tax Courts [sic] notice of dismissal lacks service of process."  It is apparent that petitioner is referring to Rule 5-135, Local Rules of the United States District Court for the Eastern District of California. Rule 5-135 pertains to the service of documents during the pendency of an action by the parties to the action.  Rule 5-135 has no application to service of orders by the United States Tax Court and, therefore, petitioner's request that this court strike the Order of Dismissal is without merit.  In addition, petitioner's reliance on 26 U.S.C. § 7502 is misplaced because Section 7502 does not apply to the filing of a document in any court other than the United States Tax Court.  26 U.S.C. § 7502(d)(1).

5

not properly served the petition as required by Rule 4, Federal Rules of Civil Procedure.

Rule 4(I), Federal Rules of Civil Procedure, pertains to service of process on the United States, its agencies, corporations, officers or employees. Rule 4(I)(1) provides in pertinent part:

> (1) Service upon the United States shall be effected
>
> (A) by delivering a copy of summons and complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court of by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.
>
> (2)(A) Service on an agency ... of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(I)(1), and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee [or] agency ....
>
> (B) Service on an officer or employee of

6

```
            the United States sued in an individual
            capacity for acts or omissions occurring in
            connection with the performance of duties on
            behalf of the United States - whether or not
            the officer or employee is sued also in an
            official capacity - is effected by serving
            the United States in the manner prescribed by
            Rule 4(I)(1) and by serving the officer or
            employee in the manner prescribed by Rule
            4(e), (f), or (g).

            (3) The court shall allow a reasonable time
            to serve process under Rule 4(I) for the
            purpose of curing the failure to serve:

                (A) all persons required to be
            served in an action governed by Rule
            4(i)(2)(A), if the plaintiff has served
            either the United States attorney or the
            Attorney General of the United States, or

                (B) the United States in an
            action governed by Rule 4(i)(2)(B), if the
            plaintiff has served an officer or employee
            of the United States sued in an official
            capacity.
```

    Attached to the Petition is a Certificate of Service showing that the Petition was served on January 6, 2005,

```
            by mailing to same in a postage-prepaid
            wrapper addressed to:

            John W. Strate
            Attorney, (SBSE)
            Internal Revenue Service
            55 S. Market Street, Suite 505
            San Jose, CA 95113

            Donald L. Korb,
            Chief Counsel
            Internal Revenue Service
            55 S. Market Street, Suite 505
            San Jose, CA 95113

            United States Distric [sic] Court
            For the Eastern Distric [sic] of California
            1130 O Street
            Fresno, Ca 93721
```

7

Thus, there is no indication in the record that petitioner has complied with these requirements of Rule 4(i).  In his opposition, petitioner asserts:

> Service of process upon the Internal Revenue Service, a division of the Department of Treasury of the United States of America is accomplished by sending notice to Chief Counsel of the Internal Revenue Service, while filing, at the same time a petition before the United States District Court for the Eastern District of California in Fresno, California.
>
> Actual notice of petitioner's United States District Court [sic] was perfected on Jan. 6, 2005 in conjunction with this case and was previously completed as of November 21, 2003, on the United States Tax Court Case docket #19918-03 S.  In both cases, sufficient notice was done to effect service of process. The issue, therefore, is whether this court believes Chief Counsel of the Internal Revenue Service, Donald L. Korb, is an Officer of and for the Internal Revenue Service.

Petitioner's opposition establishes that he has not complied with the service requirements of Rule 4(i).

Compliance with the service of process requirements of Rule 4 is necessary to establish personal jurisdiction and this compliance is required notwithstanding any actual notice of the lawsuit that the defendant may have had.  See Seig v. Karnes, 693 F.2d 803, 807 (9th Cir. 1982).

Therefore, this petition is dismissed because of petitioner's failure to accomplish service as required by Rule 4(i).

    C.   Claim for Damages.

8

Finally, the United States argues that this court lacks jurisdiction over petitioner's claim for damages under 26 U.S.C. § 7433.

Section 7433(d)(1) provides that "[a] judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 C.F.R. § 301.7433-1(e) sets forth the procedures for an administrative claim under Section 7433. This court lacks jurisdiction over a claim for damages under Section 7433 in the absence of an allegation that the taxpayer has exhausted these administrative remedies. Conforte v. United States, 979 F.2d 1375, 1379 (9th Cir. 1992).

In his opposition, petitioner contends:

> There are several prerequisites the IRS must meet before a denial of an IRC sec 7433 claim can be put into court. First, the IRS must issue a statutory notice of deficiency to the taxpayer. Secondly, the IRS must deny an administrative claim brought forth by the taxpayer. Here, the IRS, respondent, has done neither. Moreover, the running of the period of statute of limitations is suspended until the Court decision becomes final, and for an additional 60 days thereafter, pursuant to IRS sec 6503(a)(1). This Court retains jurisdiction over respondents' [sic] administrative inactions [sic].

However, as the United States notes, petitioner was not entitled to a notice of deficiency. 26 U.S.C. § 6212(a) provides for a notice of deficiency "[i]f the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles

9

1  A or B or chapter 41, 42, 43, or 44 ...."  The penalty assessed
2  against petitioner was assessed pursuant to 26 U.S.C. § 6672.
3  The statutory notice of deficiency described in Section 6212(a)
4  does not apply to a penalty assessed pursuant to Section 6672.
5  See Boyton v. United States, 566 F.2d 50, 53 (9th Cir. 1977);
6  Shaw v. United States, 331 F.2d 493, 494-495 (9th Cir. 1964).
7  Because petitioner was not entitled to a statutory notice of
8  deficiency, his reliance on the tolling provision of Section
9  6503(a)(1) is misplaced.  Furthermore, petitioner's contention
10 that he is entitled to damages pursuant to Section 7433 because
11 the IRS has not denied an administrative claim filed by
12 petitioner basically admits that petitioner has not exhausted the
13 required administrative remedies.
14     Consequently, petitioner's claim for damages pursuant to
15 Section 7433 is dismissed for lack of jurisdiction.
16     ACCORDINGLY, respondent's motion to dismiss is granted and
17 this action is dismissed for lack of jurisdiction.
18     The Clerk of the Court is directed to enter judgment for
19 respondent.
20     IT IS SO ORDERED.
21 **Dated: April 26, 2005**              **/s/ Robert E. Coyle**
   668554                            UNITED STATES DISTRICT JUDGE